Mark L. Javitch (California SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705

*Attorney for Plaintiff*
And those similarly situated

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | |
|---|---|
| DAVID THORNTON, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BETTER DEBT SOLUTIONS LLC, ALLEVIATE FINANCIAL SERVICES, LLC,<br><br>Defendants. | Civil Action No.: 3:25-cv-00310<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff DAVID THORNTON, individually and on behalf of all others similarly situated, brings this Class Action Complaint against BETTER DEBT SOLUTIONS LLC ("Better Debt" or "Defendant") and ALLEVIATE FINANCIAL SERVICES, LLC ("Alleviate," or together, "Defendants") to stop their illegal practice of placing phone calls that play an artificial or prerecorded voice messages, and to obtain redress for all persons injured by their conduct.

**NATURE OF THE ACTION**

1. Defendants Better Debt and Alleviate are debt consolidation companies. As a part of their marketing, Defendants placed thousands of phone calls that played an artificial or prerecorded voice.

COMPLAINT 1 CASE NO.3:25-cv-00310

2. Defendants did not obtain express written consent prior to placing these unsolicited phone calls, and, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

3. Congress enacted the TCPA in 1991 in response to "a torrent of vociferous consumer complaints about intrusive robocalls."

4. The TCPA instructed the Federal Communications Commission to "prescribe regulations to implement methods and procedures for protecting the privacy rights [of consumers] . . . in an efficient, effective, and economic manner and without the imposition of any additional charge to telephone subscribers." 47 U.S.C. § 227(c)(2).

5. By using artificial and/or prerecorded voice messages without permission, Defendants violated the privacy and statutory rights of Plaintiff and the Class.

6. Plaintiff therefore seeks an injunction requiring Defendants to stop illegally calling consumers, as well as an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

7. Plaintiff David Thornton is a natural person residing in El Paso, Texas.

8. Defendant Alleviate Financial Solutions LLC is a limited liability company organized and existing under the laws of California. Alleviate's registered agent is Corporation Service Company, 211 E. 7th Street Suite 620, Austin TX 78701.

9. Defendant Better Debt Solutions LLC is a limited liability company organized and existing under the laws of California. Better Debt's registered agent is Nima Asadi, Esq., 19200 Von Karman Ave., Ste. 600, Irvine, CA 92612.

## JURISDICTION AND VENUE

10. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

11. This Court has specific personal jurisdiction over Defendants because Defendants caused illegal phone calls to be sent to Plaintiff in this District.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the injury substantially occurred in this District.

## COMMON FACTUAL ALLEGATIONS

13. Defendants are debt relief companies.

14. Defendants made calls to thousands of consumers' phone numbers using an artificial or prerecorded voice message.

15. The calls solicited Plaintiff and the putative classes for Defendants' debt relief services.

16. Defendants failed to obtain prior express consent.

## PLAINTIFF'S FACTUAL ALLEGATIONS

17. On March 3, 2025, Plaintiff received a call from Defendants that played an artificial or prerecorded voice. The calls continued, receiving several calls in March 2025.

18. Plaintiff called back to identify Defendants.

19. The return calls culminated in Plaintiff receiving emails containing correspondence from Defendants. (9) rin

20. Plaintiff received at least nine ringless voicemails from Defendants.

21. Plaintiff did not give his prior express written consent.

22. None of the alleged calls were made to Plaintiff for emergency purposes.

23. Defendants are not registered pursuant to § 302.101 of the Texas Business & Commerce Code to provide telephone solicitations.

24. Defendants do not qualify for an exemption under § 302.053.

25. Plaintiff was harmed by the calls. Plaintiff was temporarily deprived of legitimate use of his phone because the phone line was tied up during the telemarketing calls and his privacy was improperly invaded. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff.

26. The calls caused Plaintiff's cell phone battery's depletion, used up cellular data, and prevented Plaintiff from otherwise using his telephone for lawful purposes.

## CLASS ALLEGATIONS

27. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and a class defined as follows:

> **TCPA Class**. All persons in the United States who: (1) from the last 4 years to present (2) Defendants placed call(s) to the person's phone number (3) whose phone number was registered on the Do Not Call registry
>
> **Texas Subclass**. All persons in the United States who: (1) from the last 4 years to present (2) Defendants placed call(s) to the person's phone number (3) whose phone number was registered on the Do Not Call registry
>
> **Texas Registration Class**. All persons in Texas who: (1) from the last 4 years to present (2) Defendants placed call(s) to the person's phone number

28. The following people are excluded from each Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

29. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendants placed phone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendants' records.

30. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited messages.

31. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

32. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

33. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    a. Whether the phone calls were caused by Defendants;

    b. Whether Defendants hold a Texas telemarketing registration certificate;

    c. Whether Defendants obtained prior written express consent;

    d. Whether members of the Class are entitled to treble damages based on the knowingness and/or willfulness of Defendants' conduct.

34. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227(b)**
**Artificial or Prerecorded Voice Messages**
**(On behalf of Plaintiff and the TCPA Class)**

35. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

36. Defendants placed telephone calls to Plaintiff's and the Class members' telephones without having their prior express written consent to do so.

37. The calls played an artificial or prerecorded voice message.

38. As a result of their unlawful conduct, Defendants repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in statutory damages for each violation and an injunction requiring Defendants to stop their illegal calling campaign.

39. Defendants made the violating calls "willfully" and/or "knowingly" under 47 U.S.C. § 227(b)(3)(C).

40. If the court finds that Defendants willfully and/or knowingly violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

## SECOND CAUSE OF ACTION
### Violations of The Texas Bus. & Com. Code § 305.053
### (On behalf of Plaintiff and the Texas TCPA Subclass)

41. Plaintiff incorporates the foregoing allegations as if set forth herein.

42. The foregoing acts and omissions of Defendants constitute multiple violations of the Texas Bus. & Com. Code § 305.053, by making non-emergency telemarketing calls to Plaintiff's telephone number that play an artificial or prerecorded voice without his prior express written consent in violation of 47 U.S.C. § 227(b).

43. Plaintiff's attorney sent a notice of violation and demand for damages pursuant to the Texas Deceptive Trade Practices Act, Texas Business and Commercial Code § 17.505(a) to Defendant.

44. Plaintiff seeks for himself an award of at least $500.00 in damages for each such violation. Texas Bus. & Com. Code § 305.053(b).

45. Plaintiff seeks for himself an award of up to $1,500.00 in damages for each such knowing or willful violation pursuant to Texas Bus. & Com. Code § 305.053(c).

## THIRD CAUSE OF ACTION
### Violations of Texas Bus. & Com. Code § 302.101
### Failure to obtain a Telephone Solicitation Registration Certificate
### (On behalf of Plaintiff and the Texas Registration Class)

46. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

47. Defendants made solicitation sales calls to Plaintiff without having a valid telephone solicitation registration certificate as required under Tex. Bus. & Com. Code § 302.101.

48. As a result of Defendants' violations of Tex. Bus. and Com. Code § 302.101 Plaintiff may seek damages of up to $5,000 for each violation. Tex. Bus. and Com. Code § 302.302(a).

49. Plaintiff's attorney sent a notice of violation and demand for damages pursuant to the Texas Deceptive Trade Practices Act, Texas Business and Commercial Code § 17.505(a) to Defendants.

50. As a result of Defendants' violations of Tex. Bus. and Com. Code § 302.101, Plaintiff seeks all reasonable costs of prosecuting this action, including court costs, deposition costs, and witness fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. An order certifying the Classes as defined above, appointing Plaintiff as representative and appointing his counsel as Class Counsel;

B. An order declaring that Defendants' actions, as set out above, violate § 227(b) of the TCPA, and § 302.101 and § 305.053 of the Texas Bus. & Com. Code;

C. An order declaring that Defendants' conduct was willful and knowing;

D. An award of $1,500 per call in statutory damages arising from § 227(b) for each intentional violation;

E. An award of $1,500 in statutory damages arising from each violation of the Texas Bus. & Com. Code § 305.053;

F. An award of $5,000 in statutory damages arising from each violation of the Texas Bus. & Com. Code § 302.101;

G. An injunction requiring Defendants to cease all unlawful phone calls;

H. An award of reasonable attorneys' fees and costs; and

I. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: August 12, 2025        Respectfully submitted,

By: /s/ Mark L. Javitch
Mark L. Javitch (California SBN 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorneys for Plaintiff and the Putative Class*